**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**


      v.                          Case No. 3:06cr458-04/RV

**ROLANDO GARCIA**
_____/

<u>**ORDER**</u>

      Now pending before the court is the defendant's "Motion for Judgment of Acquittal and Conditional Ruling on a Motion for New Trial" (doc. 115). The government has filed a response, and the defendant has filed a reply to that response.

      The defendant, along with three other individuals, was charged in a two-count indictment of possessing with intent to distribute and conspiring to possess with intent to distribute a controlled substance, to wit, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine. The case proceeded to a jury trial against the defendant and, on February 20, 2007, he was found guilty on both counts. The jury was then immediately discharged. After the verdict was rendered, the defendant made an oral motion in open court --- which counsel referred to as *judgment non obstante veredicto* --- and asked that I overturn the jury's verdict and enter a verdict for a lesser included offense. I directed counsel to file the motion in writing and indicated that I would then consider the arguments contained therein. Fifty-eight (58) days later, on April 19, 2007, counsel filed the now-pending motion. The government has filed a response, arguing first that the defendant's motion is time-barred and that, in any event, it should be denied on the merits.

*Case No. 3:06cr458-04/RV*

As for its first argument, the government contends that I have no jurisdiction to entertain the defendant's motion because it was filed outside the limitations period set forth in Rule 29(c)(1) of the Federal Rules of Criminal Procedure. Rule 29(c)(1) provides that a defendant must "move" for judgment of acquittal "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Here, as noted, the defendant filed his written motion fifty-eight (58) days after the verdict was received and after the jury was discharged. The defendant argues, however, that he timely "moved" for judgment of acquittal under Rule 29(c)(1) when he made his oral motion in court. Although the defendant has not cited any case law on this issue, my own research indicates that the argument has at least some support. For example, counsel for the defendants in United States v. Navarro Viayra, 365 F.3d 790 (9th Cir. 2004), made oral motions for judgment of acquittal in open court immediately after the jury returned a guilty verdict. The court "acknowledged" the motions and invited further briefing. The defendants filed their briefs outside the Rule 29 limitations period, and the government argued that the motions were untimely. The district court disagreed with the government and held that the motions were timely. In affirming the district court on this point, the Ninth Circuit stated that the government's argument "ignores the difference between the oral motions and the follow-up briefing. The motions were timely when made after the verdict." The Ninth Circuit thus concluded that "[t]he fact that an oral motion is often followed by more detailed briefing does not change the fact that the motion was made. The oral motions were both timely and sufficient." Id. at 791-92.

United States v. Williams, 2006 WL 2682827 (M.D. Ga. Sept. 18, 2006), a district court case decided just last year, is also similar. The defendant there was found guilty of various charges, immediately after which defense counsel made an oral motion for judgment of acquittal. The district court, as I did in the case *sub judice*, advised counsel to "put the motion in writing." The written motion was filed

forty-two (42) days later, and the government argued that it was untimely. In rejecting this argument, the district court held:

> Here, Alma Williams' counsel made an oral motion for judgment of acquittal immediately after the jury verdict. In doing so, she fulfilled the Rule 29(c) requirement that the motion be made within seven days of the jury verdict or discharge. While Alma Williams did not submit her brief in support of her motion until 42 days after her initial oral motion, this brief was not a renewal of a previously denied motion, as the Government asserts. Indeed, the July 31, 2006, colloquy between the Court and Alma Williams' counsel indicated that the Court recognized the Motion for a Judgment of Acquittal had been <u>made</u> but would be <u>briefed</u> at a later date. In light of this acceptable sequence, Alma Williams' motion is timely and will be considered.

<u>Id.</u> at *1 (emphasis in original); <u>see</u> <u>id.</u> at *1 n.1 (noting that the "oral motion for judgment of acquittal immediately after the jury verdict renders the Government's timeliness objection irrelevant").

I need not, and do not, speculate as to whether the Eleventh Circuit would align itself with the Ninth Circuit --- or accept the conclusion reached by the Middle District of Georgia --- on this issue. Indeed, even assuming *arguendo* that the defendant's motion was timely-filed, the motion must be denied on the merits.

In ruling on a motion for judgment of acquittal, the Eleventh Circuit has held that a district court must view the evidence in the light most favorable to the government, draw all inferences in its favor, and determine if a reasonable jury "could" have found the defendant guilty beyond a reasonable doubt. <u>See</u> <u>United States v. Hansen</u>, 262 F.3d 1217, 1236 (11th Cir. 2001). The evidence presented in this case was such that, with all inferences drawn in the government's favor, I have no difficulty concluding that the jury could have found the defendant guilty beyond a reasonable doubt. There are clearly other inferences that can be drawn

from the evidence, but the jurors were not required to draw those inferences and, by their verdict, they did not.

The defendant's motion for judgment of acquittal or for a new trial (doc. 115) must be, and is, DENIED.

DONE AND ORDERED this 8th day of May, 2007.

                              /s/ *Roger Vinson*
                              **ROGER VINSON**
                              **Senior United States District Judge**